The Honorable Monty Davenport State Representative 644 MC 4003 Yellville, Arkansas 72687-9340
Dear Representative Davenport:
I am writing in response to your request for my opinion on the following questions:
 1. If a state employee health insurance plan contracted with a vendor to administer its self-funded health care plan (the "Primary Vendor"), would the state employee health insurance plan now be required to comply with the Any Willing Provider ("AWP") provision of the Arkansas Patient Protection Act, as amended by Act 702 of 2009, in supplying the network of providers to the state employees?
 2. If the answer to question 1 is "yes," would the Primary Vendor now be required to comply with AWP in supplying the network of providers to the state employees?
 3. If the answer to question 2 is "yes," does a healthcare provider have a right to make direct application to the state's contracted Primary Vendor to become a part of the state's self-funded health care plan network without being required to join the health care provider network of any subcontractor to the Primary Vendor? *Page 2 
RESPONSE
In my opinion, the answer to your first two questions is "yes." The any-willing-provider laws, A.C.A. §§ 23-99-201 through-209, obligate a state employee health insurance plan to observe the provisions of the recited statutes — a conclusion that would preclude a plan from delegating its obligations to an entity that fails to comply with state law. With respect to your third question, the manner in which a health-care provider is afforded equal access to participation in a state employee health plan is not mandated by state law. Only the guarantee of equal access is required.
Question 1: If a state employee health insurance plan contracted witha vendor to administer its self-funded health care plan (the "PrimaryVendor"), would the state employee health insurance plan now be requiredto comply with the Any Willing Provider ("AWP") provision of theArkansas Patient Protection Act, as amended by Act 702 of 2009, insupplying the network of providers to the state employees?
In my opinion, the answer to this question is "yes."
The Arkansas Patient Protection Act of 1995 (the "Act"), codified at A.C.A. §§ 23-99-201 through-209 (Repl. 2004 Supp. 2007), as amended by Acts 2009, No. 702, known as the "Any Willing Provider Law," mandates that managed care networks allow any willing health care provider to participate in managed care programs on equal terms with other participating health care providers. See A.C.A. §§ 23-99-802(1) (Supp. 2007).[1]
 Act 702 of 2009, which you reference in your question, added to the Arkansas Code A.C.A. § 23-99-801(e), which provides in pertinent part that the Act will "apply to a health benefit plan provided by the State of Arkansas to state employees and public school personnel . . . whether self-funded or insured." In my opinion, as a matter of state law, this statute is unequivocal in mandating that a state-provided employee health insurance plan comply with the terms of the Act.[2] *Page 3 
I consider it axiomatic that if a plan is obliged to observe the provisions of state law, the plan would be precluded from retaining a vendor to administer the plan in a manner that would not comply with state law.
Question 2: If the answer to question 1 is "yes," would the PrimaryVendor now be required to comply with AWP in supplying the network ofproviders to the state employees?
I believe the answer to this question is likewise "yes."
As noted in my response to your previous question, the plan is required under state law to comply with the Act, meaning that the plan could not contract with an administering "primary vendor" that failed to comply with the Arkansas any-willing-provider laws.
Question 3: If the answer to question 2 is "yes," does a healthcareprovider have a right to make direct application to the state'scontracted Primary Vendor to become a part of the state's self-fundedhealth care plan network without being required to join the health careprovider network of any subcontractor to the Primary Vendor?
The Arkansas Code contains no provision extending to a health-care provider a "right" to apply for participation in a plan to an administering "primary vendor." As noted above, the Act requires only that a willing health-care provider be afforded an opportunity to participate in a plan on equal terms with other participating health-care providers. The question of whether or how this equal opportunity is extended to willing health-care providers is one of fact to be determined in a judicial forum. I can do no more than opine that the Act requires that health-care providers be afforded this equal access. *Page 4 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
[1] The procedures and remedies to enforce compliance with the Act are set forth in title 23, chapter 9, subchapter 8 of the Code.
[2] You have not asked, and I will not address, whether federal law might impact on the application of the Act. I will note, however, that the United States Supreme Court, in Kentucky Association of Health PlansInc. v. Miller, 538 U.S. 329 (2003), ruled that Kentucky's any-willing-provider law, which is materially indistinguishable from the Arkansas Act, was not preempted by the Employee Retirement Income Security Act of 1974 (ERISA).

 *Page 1